JACKSON LEWIS P.C.
    666 Third Avenue, 30th Floor
    New York, New York 10017
    (212) 545-4000
Attorneys of Record:
    Douglas J. Klein
    Jennifer Y. Davis
ATTORNEYS FOR DEFENDANT SUNPOWER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KEVIN J. VAZQUEZ,

                Plaintiff,

    -against-

SUNPOWER CORPORATION, et al.,

                Defendants.

23-cv-00333 (NGG) (RML)

**DEFENDANT SUNPOWER'S[1] ANSWER TO PLAINTIFF'S COMPLAINT**

---

        Defendant SunPower Corporation ("SunPower"), by and through its undersigned counsel, Jackson Lewis, P.C., for its Answer to the Complaint of Plaintiff Kevin Vazquez, responds and pleads defenses and affirmative defenses as follows:

## AS TO "JURISDICTION AND VENUE"

**Complaint Paragraph No. 1**: This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that the action, involves federal questions, because the causes of action asserted herein arise in part under the American with Disabilities Act ("ADA") and Title VII of the 1964 Civil Rights Act. This Court has jurisdiction over the related state law claims herein asserted pursuant to 28 U.S.C. §1367, Gibb, 38 U.S. 715 (1966), and the laws of the State and City of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against and retaliated against by Plaintiff's former employer on the basis of disability, race, national origin discrimination in conjunction with unlawful termination and retaliation in accordance with the applicable principles of pendant jurisdiction.

---

[1] Plaintiff filed a Notice of Voluntary Dismissal with Prejudice against the individually named Defendant Kulbir Singh on April 18, 2023 (Dkt. No. 13), which the Court So Ordered on April 21, 2023 (Dkt. No. 14). The parties will submit an application for the caption in this matter to be amended to remove Kulbir Singh as a party.

**Answer**: Paragraph "1" of the Complaint states a legal conclusion for which no response is required.

**Complaint Paragraph No. 2**: Plaintiff further complains pursuant to the laws of the State of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and conductively and constructively discharged by Plaintiff's former employer on the basis of disability, race, national origin, retaliation and unlawful termination.

**Answer**: Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "2" of the Complaint, but denies that Defendant is liable to Plaintiff for any alleged wrongdoing or entitled to any relief whatsoever.

**Complaint Paragraph No. 3**: Venue properly lies in the Eastern District in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of property that is subject of the action is situated in accordance with 28 U.S. Code §1391 (b)(2).

**Answer**: Paragraph "3" of the Complaint states a legal conclusion for which no response is required.

## AS TO "JURY DEMAND"

**Complaint Paragraph No. 4**: Plaintiff hereby demands a trial by jury on all issues properly triable.

**Answer**: Defendant denies that there are any triable issues of fact in this action.

## AS TO "PARTIES"

**Complaint Paragraph No. 5**: Plaintiff Kevin J. Vazquez (hereinafter referred to as "Vazquez" or "Plaintiff") is seeking damages to redress the injuries Plaintiff has suffered because of being discriminated against on the basis of disability discrimination, race discrimination, national discrimination, retaliation and unlawful termination.

**Answer**: Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except avers that Plaintiff purports to proceed seeking damages asserted in Paragraph "5" of the Complaint.

**Complaint Paragraph No. 6**: Defendant SunPower Corporation (hereinafter referred to as "SunPower" or "Defendant") is a foreign based company which sells and installs solar panels throughout New York and the entire United States. SunPower is headquartered in California but owns and operates a business establishment in New York.

**Answer**: Defendant denies the allegations set forth in Paragraph "6" of the Complaint, except avers that SunPower is a California corporation headquartered in Richmond, California.

**Complaint Paragraph No. 7**: At all times material, Kulbir Singh (hereinafter referred to as "Singh") was and is an employee with Defendant SunPower and holds the position of Supervisor.

**Answer**: Defendant denies the allegations set forth in Paragraph "7" of the Complaint, except avers that Kulbir Singh ("Mr. Singh") is employed by SunPower and currently holds the position of Field Services Supervisor.

**Complaint Paragraph No. 8**: At all times material, Singh had supervisory authority over Plaintiff regarding his employment, which included, but was not limited to the power to hire and fire the Plaintiff along with other tangible employment actions.

**Answer**: Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except avers that Plaintiff began directly reporting to Mr. Singh in or around February of 2021.

**Complaint Paragraph No. 9**: At all times material Nick Glogowski (hereinafter referred to as "Glogowski") was and is an employee with Defendant SunPower and held the position of Manager.

**Answer**: Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except avers that Nick Glogowki ("Mr. Glogowski") is employed by SunPower and currently holds the position of Regional Operations Manager.

**Complaint Paragraph No. 10**: At all times material Glogowski had supervisory authority over Plaintiff regarding his employment, which included, but was not limited to the power to hire and fire the Plaintiff along with other tangible employment actions.

**Answer**: Defendant denies the allegations set forth in Paragraph "10" of the Complaint, except avers that Plaintiff was in Mr. Glogowski chain of command beginning in or around August of 2021.

**Complaint Paragraph No. 11**: Plaintiff is a Hispanic male of Mexican descent and resides in the State of New York, County of Queens.

**Answer**: Defendant denies the allegations set forth in Paragraph "11" of the Complaint, except avers that based on information provided by Plaintiff to Defendant during the course of his employment, that Plaintiff is a Hispanic male and resided in Queens, New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current residence.

**Complaint Paragraph No. 12**: Plaintiff has a "cleft lip" which forces the Plaintiff to speak with a lisp. As a result of the cleft lip, Plaintiff will be forced to undergo a jaw placement surgery.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

## AS TO "STATEMENT OF FACTS"

**Complaint Paragraph No. 13**: On or about October 13, 2020, Plaintiff started working with SunPower through a different company; Progressive.

**Answer**: Defendant denies the allegations set forth in Paragraph "13" of the Complaint, except avers that Plaintiff was hired as a temporary employee through a staffing agency in or around October of 2020.

**Complaint Paragraph No. 14**: On or about December 23, 2020, Defendant SunPower officially hired the Plaintiff as an **"Installer 1"** at their New York location, 400 Executive Blvd Suite 137, Elmsford, NY 10523.

**Answer**: Defendant denies the allegations set forth in Paragraph "14" of the Complaint, except avers that Plaintiff was an employee at SunPower from in or around December of 2020 until November 10, 2021, and worked for SunPower as an Install Tech II and then a Senior Service Tech.

**Complaint Paragraph No. 15**: When Plaintiff was hired, Plaintiff was excited to be working and growing with such a major company.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

**Complaint Paragraph No. 16**: Plaintiff's hourly rate began at $25 dollars an hour and he was promised a raise every six months by Defendant's Regional Manager Elbin Collodo and by Defendant's Supervisor Joshua Arce.

**Answer**: Defendant denies the allegations set forth in Paragraph "16" of the Complaint, except avers that Plaintiff's initial base pay as an Install Tech II was an hourly rate of $28.00.

**Complaint Paragraph No. 17**: Plaintiff was an exemplary employee who frequently asked for advice from Defendant's supervisors Elbin and Joshua on how to excel with the company.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint concerning Plaintiff frequently asking for advice. Defendant denies the remaining allegations set forth in Paragraph "17" of the Complaint.

**Complaint Paragraph No. 18**: Defendant's Regional Manager Elbin Collodo and Defendant's Supervisor Joshua Arce have always treated the Plaintiff fairly.

**Answer**: Defendant admits the allegations set forth in Paragraph "18" of the Complaint.

**Complaint Paragraph No. 19**: In fact, in less than two months after being hired, Plaintiff was consistently praised for a job well done and was quickly promoted to the position of **"Operation Maintenance Tech"** under the supervision of Defendant's Supervisors, Joshua Arce and Elbin Collodo.

**Answer**: Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

**Complaint Paragraph No. 20**: Along with the promotion, the Plaintiff was given a pay raise of $3 an hour.

**Answer**: Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

**Complaint Paragraph No. 21**: The promotion and raise boosted the Plaintiff's enthusiasm and appreciation for working at SunPower.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

**Complaint Paragraph No. 22**: In or around January of 2021, soon after Plaintiff's promotion, Defendant's Supervisor Joshua Arce was offered a new job position and left the company.

**Answer**: Defendant denies the allegations set forth in Paragraph "22" of the Complaint, except avers that Joshua Acre ("Mr. Acre") was employed at SunPower from in or around December of 2019 until January of 2021

**Complaint Paragraph No. 23**: After Defendant's supervisor Arce's cessation from SunPower, Defendant's employees had no direct supervisor for about a month. Eventually, Defendant's Supervisor Singh was put in as a temporary supervisor for the Defendants.

**Answer**: Defendant denies the allegations set forth in Paragraph "23" of the Complaint, except avers that Mr. Singh was promoted to Field Services Supervisor when Mr. Acre left SunPower.

**Complaint Paragraph No. 24**: Soon thereafter, Defendant's Manager Elbin Collodo announced that he would also be leaving Defendant SunPower.

**Answer**: Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

**Complaint Paragraph No. 25**: Collado's upcoming cessation from SunPower prompted the Plaintiff to apply for Elbin Collodo's position.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except avers that Plaintiff was not eligible to apply for the Regional Operations Manager position.

**Complaint Paragraph No. 26**:  In or around March 2021, Plaintiff applied for the soon-to-be vacant position of Elbin Collodo on the company website: www.SunPower.com.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint, except avers that Plaintiff was not eligible to apply for the Regional Operations Manager position.

**Complaint Paragraph No. 27**: Plaintiff informed Defendant's Manager Collodo that he had applied for Collodo's position while Defendant's Supervisor Kulbir Singh was in the same room.

**Answer**: Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

**Complaint Paragraph No. 28**: When Defendant's Supervisor Kulbir Singh heard this, he scowled at the Plaintiff and had a petulant expression on his face.

**Answer**: Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

**Complaint Paragraph No. 29**: Soon thereafter, Plaintiff spoke with Defendant's Manager Elbin Collodo for another raise and a better position.

**Answer**: Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

**Complaint Paragraph No. 30**: In or around April 2021, six months after having been hired, Plaintiff was promoted again by Defendant's Manager Collodo (prior to his departure) to the position of **"Senior Technician"** and awarded another raise of an additional $1.50 an hour.

**Answer**: Defendant denies the allegations set forth in Paragraph "30" of the Complaint, except avers that, in or around April of 2021, Plaintiff was promoted from Installer II to Senior Service Technician and he received an increase to Plaintiff's hourly rate of pay from $28.00 to $30.00.

**Complaint Paragraph No. 31**: Upon Manager Collodo's departure, Defendant's Supervisors Singh and Glogowski were assigned as Temporary Warehouse Supervisors until further notice.

**Answer**: Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

**Complaint Paragraph No. 32**: In or around the end of April 2021, Defendant's Supervisor Kulbir Singh was promoted to a permanent supervisory position with Defendants.

**Answer**: Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

**Complaint Paragraph No. 33**: Unfortunately for the Plaintiff, Defendant's Supervisor Singh however did not believe in equal treatment for Defendant's employees.

**Answer**: Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

**Complaint Paragraph No. 34**: In fact, from the moment that Defendant's Supervisor Singh became a supervisor, Defendant's Supervisor Singh constantly ridiculed and discriminated against the Plaintiff because of Plaintiff's Cleft lip and Mexican national origin.

**Answer**: Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

**Complaint Paragraph No. 35**: Defendant's Supervisor Singh would ridicule the Plaintiff's accent and suggested he improve it. Plaintiff is Hispanic American of Mexican origin and was discriminated against by Singh due to his nationality.

**Answer**: Defendant denies the allegations set forth in Paragraph "35" of the Complaint, except avers that based on information provided by Plaintiff to Defendant during the course of his employment, that Plaintiff is a Hispanic male.

**Complaint Paragraph No. 36**: During Plaintiff's employment with Defendant, Defendant's Supervisor Singh ridiculed Plaintiff on different occasions due to his Cleft lip, actively discriminating his disability as the Plaintiff needs a jaw placement. Singh would have the Plaintiff repeat himself numerous times, toying with him and his disability. Specifically, Defendant's Supervisor Singh would imitate the Plaintiff and mumble similar tones in response to whatever the Plaintiff would say to Singh.

**Answer**: Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

**Complaint Paragraph No. 37**: Plaintiff was shocked by Singh's statements and advised Singh that he did not find the ridicule to funny. Rather, Plaintiff found Singh's statements to be wildly inappropriate, especially since it referred to an immutable characteristic of the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

**Complaint Paragraph No. 38**: In addition, throughout Plaintiff's employment with the Defendant, Defendant's Supervisor Singh would offer Plaintiff prescription drugs such as Adderall, while simultaneously berating the Plaintiff, telling Plaintiff that drugs would improve his speech and fluency.

**Answer**: Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

**Complaint Paragraph No. 39**: Plaintiff was already promoted twice thanks to his skills on the job prior to Singh signing on as Supervisor, but now found himself as the target of discrimination.

**Answer**: Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

**Complaint Paragraph No. 40**: Insinuating that Plaintiff needed drugs to perform was in and of itself hurtful and offensive to the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

**Complaint Paragraph No. 41**: Furthermore, after Defendant's Supervisor Singh became a supervisor, he began denying overtime to the Plaintiff and refused to pay Plaintiff for the overtime hours Plaintiff worked.

**Answer**: Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

**Complaint Paragraph No. 42**: Defendant's Supervisor Singh advised the Plaintiff that the Defendant was no longer giving over time, so whenever Plaintiff was forced to work longer hours, Defendant's Supervisor Singh would not pay Plaintiff for it.

**Answer**: Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

**Complaint Paragraph No. 43**: In or around the middle of June 2021, as Plaintiff was performing his work-related duties, Defendant's Supervisor Kulbir Singh came rushing towards the Plaintiff with his fists clenched, his face reddened and with a threatening and violent physical stance; looking as though he was ready to physically fight the Plaintiff. Defendant's Supervisor Singh then proceeded to assault the Plaintiff by getting in front of Plaintiff's face while moving his hands in an aggressive manner, appearing ready to hit the Plaintiff, accusing the Plaintiff of having loaded wires on the back of his truck.

**Answer**: Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

**Complaint Paragraph No. 44**: Plaintiff while in shock, immediately denied ever touching any wires and informed Defendant's Supervisor Kulbir Singh that he had no idea what he was talking about.

**Answer**: Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

**Complaint Paragraph No. 45**: Defendant's Supervisor Singh kept insisting that the Plaintiff put the wires there, and began threatening the Plaintiff, stating "**If you put them there, you're going to see what will happen to you".**

**Answer**: Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

**Complaint Paragraph No. 46**: Plaintiff was dismayed by Defendant's Supervisor Singh's aggressive and unprofessional behavior.

**Answer**: Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

**Complaint Paragraph No. 47**: Again, Plaintiff replied that he had no idea what Singh was talking about and asked Singh to physically show him.

**Answer**: Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

**Complaint Paragraph No. 48**: As the Plaintiff and Defendant's Supervisor Singh were walking towards Singh's truck, Singh turned to the Plaintiff and stated that he remembered how the wires had gotten there.

**Answer**: Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

**Complaint Paragraph No. 49**: Plaintiff was appalled by the altercation and fabrication of lies but decided to remain professional and walk away.

**Answer**: Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

**Complaint Paragraph No. 50**: After Plaintiff regained his composure, he decided to once again ask Singh about the situation.

**Answer**: Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

**Complaint Paragraph No. 51**: When the Plaintiff approached Defendant's Supervisor Singh, Singh was carrying a particularly large drill bit which the company used to puncture holes into cement.

**Answer**: Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

**Complaint Paragraph No. 52**: When Plaintiff asked Singh about why he thought it was specifically the Plaintiff that had loaded those wires into Defendant's Supervisor Singh truck, he immediately swung the drill bit at the Plaintiff menacingly, assaulting the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

**Complaint Paragraph No. 53**: Plaintiff immediately backed up and was against left in shock by Singh's unprofessional and unlawful behavior.

**Answer**: Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

**Complaint Paragraph No. 54**: As Defendant's Supervisor Singh turned away from the Plaintiff, he decided to ridicule the Plaintiff and stated point blank: "Yo, the Bronx is full of minorities!"

**Answer**: Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

**Complaint Paragraph No. 55**: Plaintiff asked him what he meant by statement and what would prompt such a discriminatory remark, but Defendant's Supervisor Singh left the area without responding.

**Answer**: Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

**Complaint Paragraph No. 56**: Soon after Singh's derogatory statements and unlawful actions, Plaintiff's relationship with Defendants Supervisor Singh deteriorated past the point of no return.

**Answer**: Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

**Complaint Paragraph No. 57**: Specifically, Plaintiff would approach Defendant's Supervisor Singh with questions concerning his duties and Defendant's Supervisor Singh would refuse to clarify and/or help the Plaintiff in any way, even though it was his responsibility as Plaintiff's supervisor.

**Answer**: Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

**Complaint Paragraph No. 58**: In fact, Defendant's Supervisor Singh argued with the Plaintiff every time the Plaintiff would ask for his help or ask for any information regarding his daily work-related duties.

**Answer**: Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

**Complaint Paragraph No. 59**: In fact, Defendant's Supervisor Singh would lash out at the Plaintiff every time the Plaintiff would approach him for advice on how to perform his duties. Defendant's Supervisor Singh would respond aggressively by asking the Plaintiff **"What do you want?"** and then refuse to respond to the Plaintiff; or berate Plaintiff for even asking questions.

**Answer**: Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

**Complaint Paragraph No. 60**: Defendant's Supervisor Singh actively discriminated and retaliated against Plaintiff, leading the Plaintiff to having to figure things out by himself as well as to complete tasks without help from his direct supervisor, even in instances when such help from Defendant's Supervisor Singh was essential. This had never happened to the Plaintiff under the supervision of the Defendant's Supervisors, Collodo or Arce.

**Answer**: Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

**Complaint Paragraph No. 61**: For example, overtime had been a normal and routine part of Plaintiff's work life, having been called regularly to work overtime by his previous Supervisors Collodo and Arce. However, this came to an end under the supervision of Defendant's Supervisors Singh and Glogowski, who would refuse his continuous requests to be allotted overtime by the company, despite providing similarly situated employees with overtime.

**Answer**: Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

**Complaint Paragraph No. 62**: Defendant's Supervisor Singh, actively discriminated and retaliated against Plaintiff by denying overtime work to the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

**Complaint Paragraph No. 63**: In fact, Plaintiff filed several protected complaints with Defendant's Human Resources ("HR"), hoping that they could address the issue.

**Answer**: Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

**Complaint Paragraph No. 64**: In or around the end of June and beginning of July, due to numerous complaints set forth by Plaintiff, the Defendants assigned HR Manager Lisa Doherty to assist the Plaintiff with finding a solution.

**Answer**: Defendant denies the allegations set forth in Paragraph "64" of the Complaint, except avers that SunPower investigated all allegations of misconduct.

**Complaint Paragraph No. 65**: Upon information and belief, Defendants conducted a faulty investigation into Singhs' discriminatory and unlawful behavior.

**Answer**: Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

**Complaint Paragraph No. 66**: Defendant's HR Manager Lisa Doherty claimed no evidence was found against Defendant's Supervisor Singh, however Defendant's HR Manager Lisa Doherty failed to produce an official report and never even called Plaintiff for an interview or to respond to any questions regarding the numerous unlawful incidents.

**Answer**: Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

**Complaint Paragraph No. 67**: Defendants discriminated and failed to investigate and engage in an interactive process.

**Answer**: Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

**Complaint Paragraph No. 68**: On top of complaining to Defendant's HR representatives, Plaintiff also complained to Defendant's Manager Glogowski on numerous occasions that he was being discriminated against by Defendant's Supervisor Singh. Yet, no preventive measures were taken by Defendants.

**Answer**: Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

**Complaint Paragraph No. 69**: Defendant's Supervisor Singh and Defendant's Manager Glogowski immediately began a retaliatory campaign against the Plaintiff which included but was not limited to fabricated disciplinary measures.

**Answer**: Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

**Complaint Paragraph No. 70**: For example, in or around August of 2021, Plaintiff informed Defendant's supervisor Singh in advance that he would arrive late to work.

**Answer**: Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

**Complaint Paragraph No. 71**: Upon arrival and completion of his duties, Defendant's Supervisor Singh informed the Plaintiff that he would receive a disciplinary write-up.

**Answer**: Defendant denies the allegations set forth in Paragraph "71" of the Complaint, except avers that Plaintiff was issued two verbal disciplines and two written disciplines for violating SunPower's time and attendance policies.

**Complaint Paragraph No. 72**: When the Plaintiff asked why he was receiving a write-up despite following company policy, Defendant's Supervisor Singh advised Plaintiff that the write-up was in fact due to his partner, Gabriel, for not showing up for work that day.

**Answer**: Defendant denies the allegations set forth in Paragraph "72" of the Complaint, except avers that Plaintiff received a Final Written Warning on August 16, 2021 because Plaintiff (i) failed to inform his partner and/or Mr. Singh that he would not be able to pick up the vehicle at the scheduled pick up time on July 28, 2021; (ii) was late to work and failed to pick up the vehicle at the scheduled pick up time on July 30, 2021 even though his partner informed Plaintiff two days prior that he would be out on Paid Time Off; (iii) entered the office on or around July 30, 2021 with an extremely hostile tone and attitude and yelled profanities; (iv) constantly falsely accused others of not providing him with assistance; and (v) failed to collaborate effectively with others.

**Complaint Paragraph No. 73**: Plaintiff was baffled that Singh would write him up for the tardiness of another employee and thus decided to challenge the disciplinary action.

**Answer**: Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

**Complaint Paragraph No. 74**: Plaintiff informed Defendant's Supervisor Singh that it wasn't his duty to supervise the attendance of his partner/co-worker.

**Answer**: Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

**Complaint Paragraph No. 75**: Although there wasn't any wrongdoing or infraction of company policies by the Plaintiff, Singh actively retaliated against him and nonetheless wrote up the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

**Complaint Paragraph No. 76**: Defendant's Supervisor Singh retaliated against the Plaintiff by writing a complaint against the Plaintiff because Plaintiff's partner was late. Plaintiff argued that he shouldn't get a write up on account of his partner/co-worker not showing up. However, Singh ignored Plaintiff's pleas.

**Answer**: Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

**Complaint Paragraph No. 77**: Plaintiff would continue to complain to HR on a regular basis about how Defendants were discriminating, retaliating, and mistreating him.

**Answer**: Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

**Complaint Paragraph No. 78**: In or around August 2021, Plaintiff's co-worker, Wilson, approached the Plaintiff and asked him if he was going to take up any overtime during the weekend.

**Answer**: Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

**Complaint Paragraph No. 79**: The Plaintiff stated that he couldn't because Defendant's Supervisors Singh and Glogowski told the Plaintiff that there was no overtime, and that Plaintiff was not getting paid for the overtime hours he had done in the past.

**Answer**: Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

**Complaint Paragraph No. 80**: Plaintiff's co-worker Wilson then informed the Plaintiff that a companywide email was sent by Defendant's Supervisors Singh asking employees to work overtime as was required by Defendant's Management.

**Answer**: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "80" of the Complaint concerning the conversation between Plaintiff and his co-worker, and refers the Court to the referenced email for the full contents and meaning thereof.

**Complaint Paragraph No. 81**: Upon information and belief, everyone other than Plaintiff had been offered overtime through email by Defendant's Supervisor Singh.

**Answer**: Defendant denies the allegations set forth in Paragraph "81" of the Complaint, and respectfully refers the Court to the referenced email for the full contents and meaning thereof.

**Complaint Paragraph No. 82**: Defendant's Supervisor Singh singled Plaintiff and left him out of all overtime emails and treated the Plaintiff disparately by discriminating against the Plaintiff based on his nationality, race, and disability.

**Answer**: Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

**Complaint Paragraph No. 83**: In or around the end of August and beginning of September 2021, Plaintiff again complained to Defendant's HR Sr. Manager Lisa Doherty about Defendants Supervisor Singh's discriminatory and retaliatory behavior which was now resulting in the disparate treatment of the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

**Complaint Paragraph No. 84**: Furthermore, during the months of August, September, October and November, Plaintiff, and his coworker at the time, Gabriel Coffil, complained to Defendant's Supervisor Singh that the engine light in Plaintiff's truck was on, and that the truck needed service.

**Answer**: Defendant denies the allegations set forth in Paragraph "84" of the Complaint.

**Complaint Paragraph No. 85**: Plaintiff asked Defendant's Supervisor Singh if he could approve the use of a spare truck which had been sitting in the warehouse, until their truck could be fixed.

**Answer**: Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

**Complaint Paragraph No. 86**: Defendant's Supervisor Singh refused the Plaintiff's request and instructed Plaintiff to use the faulty truck, despite Singh's full awareness that the truck was in disrepair.

**Answer**: Defendant denies the allegations set forth in Paragraph "86" of the Complaint.

**Paragraph No. 87**: Soon thereafter, on or about November 2, 2021, on account of Defendant's retaliatory, deliberately indifferent, and negligent behavior, Plaintiff and his co-worker were involved in a car accident.

**Answer**: Defendant denies the allegations set forth in Paragraph "87" of the Complaint, except avers that Plaintiff and his partner, Gabriel Coffil, were involved in a motor vehicle accident on November 2, 2021.

**Complaint Paragraph No. 88**: Plaintiff immediately informed Defendant's Manager Glogowski that the breaks had failed and that the seat belt had failed to lock, which was the direct and proximate cause of physical bodily injury to the Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "88" of the Complaint.

**Complaint Paragraph No. 89**: Astoundingly, Defendant's Manager Glogowski did not believe the Plaintiff and asked for a police report.

**Answer**: Defendant denies the allegations set forth in Paragraph "89" of the Complaint.

**Complaint Paragraph No. 90**: Defendants left the Plaintiff to his own demise, as he was now in both emotional and physical pain due to injuries sustained because of Defendant's unlawful behavior.

**Answer**: Defendant denies the allegations set forth in Paragraph "90" of the Complaint.

**Complaint Paragraph No. 91**: Plaintiff informed Defendant's HR representatives Amanda Lee [sic] and Lisa Doherty about the injuries he had sustained and requested a reasonable accommodation.

**Answer**: Defendant denies the allegations set forth in Paragraph "91" of the Complaint, except avers that on November 10, 2021, Plaintiff emailed Mr. Glogowski and Ms. Le a doctor's note stating that Plaintiff was unable to work from November 10, 2021 through December 15, 2021 due to a "Strain/Sprain Cervical, Right Shoulder."

**Complaint Paragraph No. 92**: Instead of providing any accommodation or even taking the time to engage in an interactive discussion, the Defendants terminated Plaintiff's employment on November 10, 2021, in direct temporal proximity to Plaintiff's request for a reasonable accommodation and in temporal proximity to Plaintiff's complaints.

**Answer**: Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

**Complaint Paragraph No. 93**: Specifically, Defendants' Manager Singh unlawfully terminated the Plaintiff's employment via email.

**Answer**: Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

**Complaint Paragraph No. 94**: The litany of discriminatory, retaliatory, hostile, and negligent acts of Defendants left the Plaintiff devastated and in severe emotional distress.

**Answer**: Defendant denies the allegations set forth in Paragraph "94" of the Complaint.

**Complaint Paragraph No. 95**: Defendants failed to take any action to remedy the ongoing pattern of unlawful behavior which ended with Plaintiff's unlawful termination.

**Answer**: Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

**Complaint Paragraph No. 96**: As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

**Answer**: Defendant denies the allegations set forth in Paragraph "96" of the Complaint.

**Complaint Paragraph No. 97**: The above is just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

**Answer**: Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

### AS TO "FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

**Complaint Paragraph No. 98**: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "97" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 99**: The Administrative Code of City of NY 8-107[1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileged of employment."

**Answer**: Paragraph "99" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 100**: Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

**Answer**: Defendant denies the allegations set forth in Paragraph "100" of the Complaint.

### AS TO "SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

**Complaint Paragraph No. 101**: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "100" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 102**: The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice: "For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

**Answer**: Paragraph "102" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 103**: Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of Plaintiffs' opposition to the unlawful employment practices of Plaintiffs' employer.

**Answer**: Paragraph "103" Defendant denies the allegations set forth in Paragraph "103" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

**Complaint Paragraph No. 104**: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "103" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 105**: New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

**Answer**: Paragraph "105" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 106**: Defendants violated the section cited herein as set forth.

**Answer**: Defendant denies the allegations set forth in Paragraph "106" of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

**Complaint Paragraph No. 107**:  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "106" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 108**: The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

**Answer**: Paragraph "108" of the Complaint states a legal conclusion for which no response is required.  Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 109**: Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

**Answer**: Defendant denies the allegations set forth in Paragraph "109" of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

**Complaint Paragraph No. 110**: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "109" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 111**:  New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent, or independent contractor.

a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

1) The employee or agent exercised managerial or supervisory responsibility; or

2) The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3) The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

**Answer**: Paragraph "111" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 112**: Defendants violated the section cited herein as set forth.

**Answer**: Defendant denies the allegations set forth in Paragraph "112" of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

**Complaint Paragraph No. 113**: Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

**Answer**: Paragraph "113" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 114**: Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

**Answer**: Defendant denies the allegations set forth in Paragraph "114" of the Complaint.

**Complaint Paragraph No. 115**: Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**Answer**: Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "115" of the Complaint, but denies that Defendant is liable to Plaintiff for any alleged wrongdoing or entitled to any relief whatsoever.

## AS TO "SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

**Complaint Paragraph No. 116**: Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "115" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 117**: New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

**Answer**: Paragraph "117" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 118**: Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

**Answer**: Defendant denies the allegations set forth in Paragraph "118" of the Complaint.

## AS TO "EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

**Complaint Paragraph No. 119**: Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "118" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 120**: New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

**Answer**: Paragraph "120" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 121**: Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiffs because of Plaintiffs'' opposition to the unlawful employment practices of Plaintiffs' employer.

**Answer**: Defendant denies the allegations set forth in Paragraph "121" of the Complaint.

## AS TO "NINTH CAUSE OF ACTION DISCRIMINATION UNDER THE AMERICAN WITH DISABILITIES ACT"

**Complaint Paragraph No. 122**: Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "121" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 123**: Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

**Answer**: Defendant admits that Plaintiff purports to proceed as set forth in Paragraph "123" of the Complaint, but denies that Defendant is liable to Plaintiff for any alleged wrongdoing or entitled to any relief whatsoever.

**Complaint Paragraph No. 124**: SEC. 12112. [Section 102] specifically states

"(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

**Answer**: Paragraph "124" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 125**: Defendants violated the above and Plaintiff suffered numerous damages as a result.

**Answer**: Defendant denies the allegations set forth in Paragraph "125" of the Complaint.

## AS TO "TENTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT"

**Complaint Paragraph No. 126**:  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "125" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 127**:  SEC. 12203. [Section 503] states,

> "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

**Answer**: Paragraph "127" of the Complaint states a legal conclusion for which no response is required.  Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 128**:  Defendants violated the above and Plaintiff suffered numerous damages as a result.

**Answer**: Defendant denies the allegations set forth in Paragraph "128" of the Complaint.

## AS TO "ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII"

**Complaint Paragraph No. 129**: Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "128" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 130**: Title VII states in relevant part as follows:

a) Employer practices:

b) It shall be an unlawful employment practice for an employer:

    i.    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

**Answer**: Paragraph "130" of the Complaint states a legal conclusion for which no response is required.

**Complaint Paragraph No. 131**: This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and national origin.

**Answer**: Defendant denies the allegations set forth in Paragraph "131" of the Complaint.

**Complaint Paragraph No. 132**: Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein on account of Plaintiff's race and national origin.

**Answer**: Defendant denies the allegations set forth in Paragraph "132" of the Complaint.

## AS TO "TWELFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII"

**Complaint Paragraph No. 133**: Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**Answer**: Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "132" of the Complaint as though set forth fully herein.

**Complaint Paragraph No. 134**: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> c. "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

**Answer**: Paragraph "134" of the Complaint states a legal conclusion for which no response is required. Defendant respectfully refers the Court to the referenced statute for the full contents and meaning thereof.

**Complaint Paragraph No. 135**: Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

**Answer**: Defendant denies the allegations set forth in Paragraph "135" of the Complaint. To the extent Paragraph "135" states a legal conclusion, no response is required.

**Complaint Paragraph No. 136**: Defendants violated the above and Plaintiff suffered numerous damages as a result.

**Answer**: Defendant denies the allegations set forth in Paragraph "136" of the Complaint.

With respect to the allegations, claims and other contentions set forth in the "WHEREFORE" Paragraph of the Complaint and each subpart thereof, Defendant denies each and every allegation, claim and other contention, and denies that Plaintiff is entitled to any relief whatsoever.

*       *       *

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

1.       Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

2.       Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate any of the damages alleged in the Complaint.

3.       Any and all actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

4.       At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

5.       Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, the after-acquired evidence doctrine, and/or other equitable defenses.

6.       Plaintiff's claims are barred and/or any recovery of damages are precluded, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior.

7.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to follow applicable administrative procedures and/or timely exhaust his administrative remedies.

9.      Defendant is not liable for punitive damages because Defendant did not engage in conduct with the required level of culpability to justify an award of punitive damages.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer damages attributable to any allegedly wrongful conduct by Defendant and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

11.     Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

12.     Defendant reserves the right to amend its Answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

13.     Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatorily harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**WHEREFORE**, Defendant respectfully requests that the Court:

1.      Dismiss Plaintiff's Complaint in its entirety with prejudice;

2.      Deny each and every demand, claim and prayer for relief set forth in Plaintiff's Complaint;

3.      Award Defendant reimbursement for its costs and attorneys' fees; and

4.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:     */s/ Douglas J. Klein*     
        Douglas J. Klein
        Jennifer Y. Davis


ATTORNEYS FOR DEFENDANT SUNPOWER


Dated: April 24, 2023
        New York, New York